ESTATE OF WEEK: STATE and another, Appellants, vs. AN-
· DERSON and others, Respondents.

*April 2—May 27, 1919.*

*Taxation: Inheritance taxes: Imposition by state and by federal
government: Basis for computation: Deduction of federal
estate tax: Deduction of expenses of administration: Stat-
utes: Executive construction.*

1. Both federal and state governments may impose a tax upon the
   transfer of property at death.   Such taxes may be levied by
   both governments in the exercise of the power of reasonable
   regulation and taxation of transfers of property.
2. The basis of the inheritance tax is not inherently and necessarily
   the value of the property.   The legislature may fix any arbi-
   trary basis for its computation.   It has made such basis the
   clear market value of the property as of the instant of death.
3. The statute neither expressly nor impliedly provides for any
   deductions from such value as a basis for the computation of
   the inheritance tax.
4. The so-called federal estate tax provided for by sec. 201 of the
   act of Congress of September 8, 1916 (39 U. S. Stats. at Large,
   756, ch. 463), should not be deducted from the value of the
   estate in computing the amount of the state inheritance tax.
5. The state inheritance tax law having for twenty years been
   construed by county courts and administrative officers, with
   the acquiescence of the legislature, to allow the deduction of
   expenses of administration in determining the amount of the
   tax, has received a practical construction which only the legis-
   lature should change, notwithstanding such deduction is not
   expressly authorized by the act itself.

APPEAL from a judgment of the circuit court for Portage
county: BYRON B. PARK, Circuit Judge.   *Reversed.*

The appeal is from a judgment affirming the judgment of
the county court in determining the amount of inheritance
taxes assessable against the estate of Andrew R. Week, de-
ceased.

For the appellants there was a brief by the *Attorney Gen-
eral, E. E. Brossard,* assistant attorney general, and *J. R.
Pfiffner,* district attorney, and oral argument by *Mr. Bros-
sard* and *Mr. Pfiffner.*

For the respondents there was a brief by *Fisher & Cashin* of Stevens Point, and oral argument by *W. E. Fisher.*

A brief was also filed and the cause argued orally by *Samuel D. Hastings* of Green Bay.

OWEN, J. The county court found that the value of the gross estate was $491,112.56. Deductions from the gross estate were made for debts, funeral expenses, expenses of administration, and the federal estate tax, aggregating $47,569.28. A claim for deduction on account of an inheritance tax paid to the state of Illinois was disallowed by the county court. The amount of the federal tax deducted was $17,940. Appellants contend that this amount was improperly allowed, and the sole question involved is whether, in determining the value of an estate for the purpose of computing the inheritance tax due this state, the federal inheritance tax should be deducted. The federal inheritance, or, as it is called, estate tax, is provided for by sec. 201 of an act of Congress entitled "An act to increase the revenue, and for other purposes," approved September 8, 1916 (39 U. S. Stats. at Large, 756–780, ch. 463). The act imposes a tax, at graduated rates, upon the value of the net estate, makes it the duty of the executor, administrator, or trustee to pay the tax, creates a lien upon the property until the tax is paid, and makes provision for the foreclosure of such lien in the event it is not paid. The tax is levied upon the entire mass of property passing from the deceased at a rate graduated in proportion to the amount of property constituting the estate, but not varied according to the kinship of the legatees, devisees, or successors in title.

If the federal estate tax, so called, should be deducted in ascertaining the amount upon which the inheritance tax of this state is to be computed, it must be by force of our own statutes. There is no question here of the right of Congress to impose the tax, nor is there any question of a conflict between, or precedence of, federal and state statutes. It is

conceded that both the federal and state governments may impose a tax upon the transfer of property at death. Such taxes may be levied by both governments in the exercise of the power of reasonable regulation and taxation of transfers of property. *Nunnemacher v. State,* 129 Wis. 190, 108 N. W. 627; *Knowlton v. Moore,* 178 U. S. 41, 20 Sup. Ct. 747. The right of each jurisdiction in such respect is untrammeled and uninfluenced by the exercise of the right by the other. The exercise of the right by Congress subsequent to the enactment of our own statute can have no influence upon the amount of taxes imposed by this state or upon the amount upon which they shall be computed, unless it is by force of some provision of our own statute.

The question, therefore, is this: Does our statute provide for the deduction of the federal estate tax in ascertaining the amount upon which the state inheritance tax shall be computed? There is no express provision to that effect. Is one implied? Our inheritance tax law was enacted pursuant to the power of the legislature to reasonably regulate transfers of property and business transactions, as stated in the *Nunnemacher Case.* It is a tax imposed on a transaction, the transaction being the passing of property from the dead to the living. It is not a tax upon the property itself, and, consequently, neither the property nor the value thereof necessarily and inherently constitutes the basis for the amount of the tax. The tax being based on a transaction, however, some basis must be fixed by the legislature by which the tax shall be determined. The legislature has made such basis the clear market value of the property at the time of the transfer. The transfer contemplated occurs at the instant of death. *State v. Pabst,* 139 Wis. 561, 121 N. W. 351. There is no provision made in the statute for any deductions from the value of the estate as it may be determined to be as of the date of the death of the deceased, and we see no warrant for reading into the statute provisions for the deduction of any amount which the legislature did not

see ·fit to insert. The legislature having the power to impose a tax upon the passing of property from the dead to the living, had the exclusive power of determining the method by which the amount of the tax should be ascertained. It having done so in what we think to be unambiguous language, there is no room for construction. A different conclusion might be necessary if our tax were computed upon the value of the property finally, and as of the time of, passing to the legatee or devisee. It was this consideration which largely influenced the conclusions announced in *People v. Pasfield,* 284 Ill. 450, 120 N. E. 286; *Corbin v. Townshend,* 92 Conn. 501, 103 Atl. 647; *Roebling's Estate* (N. J.) 104 Atl. 295; *Knight's Estate,* 261 Pa. St. 537, 104 Atl. 765; and *State ex rel. Foot v. Bazille,* 97 Minn. 11, 106 N. W. 93, where it was held that the federal estate tax should be deducted in computing the state tax.

There may be some difficulty in reconciling this conclusion with the prevailing practice of deducting expenses of administration. We realize that our logic would lead to a rejection of such deductions. We have no disposition, however, to disturb the practice that has uniformly prevailed. We took the practice with the law from New York. *State v. Pabst,* 139 Wis. 561, 121 N. W. 351. The construction placed upon the law in this respect by the courts of New York having been followed by the county courts and administrative officers of this state, with the acquiescence of the legislature, for upwards of twenty years, evidences a practical construction which only the legislature should change.

*By the Court.*—The judgment of the circuit court is reversed, and cause remanded with instructions to reverse the judgment of the county court and with directions to disallow the deduction of the amount of the federal estate tax.

ESCHWEILER, J., dissents.