WILL OF MATTHEWS: TUTTLE, Appellant, vs. HIGGINS, Executor, Respondent.

*April 8—May 3, 1921.*

*Executors and administrators: General appraisal of estate: Basis: Computation of inheritance tax: Compensation of executor: Attorney fees.*

1. Under sec. 1087—13, Stats., requiring property to be appraised at its fair market value for inheritance-tax purposes, and sec. 3821, requiring the general appraisers of a decedent's property to fix its value in money, the terms "fair market value" and "value in money" are practically identical, the "value in money" being the fair equivalent in money for the thing valued and the "fair market value" the sum for which it could be exchanged in the open market under fair conditions, the purpose of the valuation not being an element to be considered in either case.

2. Fees of an executor under sec. 3929, Stats., should be computed on the value of the estate as determined by the appraisers, unless set aside for cause, where the property is distributed in kind, and, where there is a sale of the property, on the amount received on the sale.

3. The fact that an estate was valued in excess of $250,000 does not warrant the allowance of excessive fees to the attorneys for the executor, but is a factor to be taken into consideration in determining the proper amount to be allowed, as to some extent it fixes the responsibility resting on the attorneys.

APPEAL from an order and decree of the county court of Milwaukee county: JOHN C. KAREL, Judge. *Affirmed.*

By final decree entered April 13, 1920, the county court of Milwaukee county awarded the attorneys for the executor compensation in the sum of $3,500 and awarded the executor fees and compensation amounting to $2,408.19. From the decree *Arthur W. Tuttle,* one of the legatees, appeals.

The cause was originally argued on January 12, 1921. On February 3, 1921, a reargument was ordered upon the following questions:

1. Where personal property is distributed in kind by an administrator or executor, is the valuation fixed by the appraisers (sec. 3821, Stats.), if unchallenged, conclusive for the purpose of computing the fees of the administrator or executor (sec. 3929)?

2. If it is not conclusive, as of what time should the property so distributed be valued?

(a) Time of the death of the testator or decedent?

(b) As of the time at which the distribution takes place?

(c) As of any intermediate time when it had a value higher or lower than the appraised value?

*Arnold C. Otto* of Milwaukee, for the appellant.

For the respondent there was a brief by *Churchill, Bennett & Churchill* of Milwaukee, and oral argument by *W. H. Churchill*.

ROSENBERRY, J. The petition for the proof of the will of the deceased was filed May 29, 1917, and the will was admitted to probate August 7, 1917. An inventory was made, and on September 26, 1917, an appraisal was returned and filed. The estate consisted principally of 600 shares of stock in the Matthews Building Company, which were appraised at $350 per share. There were sales of some of the stock. On April 22, 1918, one share sold for $300. April 9th there was a sale of one share for $325. October 1, 1918, proceedings were had which authorized a sale of ninety-seven shares at $175 per share. An interlocutory account was filed December 12, 1918, and approved by the court February 8, 1919. On January 2, 1919, there was a petition filed for re-appraisal of the stock of the Matthews Building Company. The re-appraisal proceeding was participated in by the state and federal officials for the purpose of fixing the amount upon which the inheritance and state taxes should be computed. Upon the hearing the county court determined that the appraisal of 600 shares of the

capital stock of the Matthews Building Company was correct "and shall stand, in so far as it affects the general appraisement and administration purposes of said estate, at the sum of $350 per share," and "further ordered and adjudged that the shares of stock bequeathed to Percy B. Wright, Frank Abbott, and Eleanor Klumb be and the same are hereby appraised at the sum of $175 per share for inheritance-tax purposes," and fixed the value of the 100 shares disposed of at the amount realized on the sale, to wit, $17,880. The executor's fees were computed upon the value of the estate as determined by the original appraisal as approved by this order in accordance with sec. 3929, Stats. The contention of the appellant here is that the county court was in error in affirming the appraisal and that the value of the stock as determined by the trial court for the purpose of computing the inheritance tax should control. The method by which the county court arrived at the conclusion that the stock was worth $350 per share for general appraisement and administration purposes and $175 per share for inheritance-tax purposes is not disclosed. Under the inheritance tax law the inheritance tax is to be computed upon the value of the estate as of the date of the death of the deceased. *Estate of Week,* 169 Wis. 316, 172 N. W. 732. The value of the assets coming into the hands of the executor is also to be appraised as of that date. If the order of the county court had merely found that the stock was worth $175 for inheritance-tax purposes without affirming the appraisal for general appraisement and administration purposes, a different problem would be presented. The evidence produced is ample to sustain the finding that the stock was worth on the date of the death of the testator $350 per share. The valuation fixed by the appraisers has not been set aside, and we conclude, therefore, that the value fixed by the appraisers must control. By sec. 1087—13,

Stats., the county court is required, upon application, to appoint a competent person as special appraiser "to fix the fair market value at the time of the transfer thereof of the property of persons whose estate shall be subject to the payment of any tax." By sec. 3821, under the provisions of which the general appraisal is made, it is required that appraisers "shall set down opposite to each item in such inventory, in plain figures, the value thereof in money." Without entering into a philosophical discussion as to the meaning of the terms "the fair market value" and "the value thereof in money," they are, for all practical purposes, identical. The value in money of a thing is a sum of money which is a fair equivalent for the thing valued. Fair market value is more definite, being that sum of money for which the thing could be exchanged in the open market under fair conditions. We are unable to perceive, however, how there can be two widely variant valuations of the same thing at the same time upon substantially the same basis. The fact that one amount is to be used as the basis for computation of the inheritance tax and the other amount for general appraisement and administration purposes is not an element to be considered in determining the value in either case.

The executor being chargeable with the appraisal value of the property coming into his hands and being required to account therefor, we think the sum upon which his fees are to be computed is the value of the estate as determined by the appraisers, unless set aside for cause, where the property is distributed in kind. Where there is a sale of the property the amount received upon the sale controls. Our attention is called to cases decided under the laws of the state of California, the statutes of which are materially different from the statutes of this state. The decisions, therefore, are not helpful in this connection. The error committed was in fixing the value of the state for inheritance-

tax purposes, a matter which is not before us for review. The valuation so erroneously fixed is not a proper basis for computing the fees of the executor.

The amount allowed the attorneys of the executor is also attacked as excessive. The total value of the estate was in excess of $250,000. While the value of the estate does not warrant the allowance of excessive attorney's fees, it is a factor to be taken into consideration in the determination of a proper amount to be allowed, for to some extent it fixes the responsibility resting upon attorneys. All the evidence offered was to the effect that the charge made by the attorneys for the executor was a customary and reasonable charge. Charges of attorneys, especially in the administration of estates, should be reasonable and just. The evidence introduced by the executor is not met except by way of argument. Upon the facts established, we are unable to say that the trial court was clearly wrong in awarding $3,500, although the amount seems to us, in view of the amount of work done, to be at least a maximum charge.

*By the Court.*—The decree appealed from is affirmed.