ESTATE OF SCHRANCK: SCHRANCK and others, Executors, Appellants, vs. THE STATE, Respondent.

*April 2—June 23, 1930.*

108

For the appellants there was a brief by *Schmitz, Wild & Gross* of Milwaukee, and oral argument by *E. J. Gross*.

For the respondent there was a brief by the *Attorney General, F. C. Seibold,* assistant attorney general, *George D. Spohn,* inheritance tax counsel, and *Richard J. Hennessey,* acting public administrator of Milwaukee county, and oral argument by *Mr. Seibold, Mr. Spohn,* and *Mr. Hennessey.*

The following opinion was filed April 29, 1930:

STEVENS, J.   The case turns upon the construction of two statutes.   The appellants contend that the amount of the inheritance tax to be paid by them should be determined under the provisions of sub. (7) of sec. 72.15 of the Statutes, which provides that when any property shall "be transferred subject to any charge, estate, or interest determinable by the death of any person or at any period ascertainable only by reference to death, the increase of benefit accruing to any person . . . upon the extinction or determination of such charge, estate or interest shall be deemed a transfer of property taxable under the provisions" of the inheritance tax law "in the same manner as though the person . . . beneficially entitled thereto had then acquired such increase of benefit from the person from whom the title to their respective estates or interests is derived."

The State, on the other hand, contends that the tax must be determined under sub. (3) of sec. 72.01 of the Statutes, which provides that an inheritance tax is imposed upon any

transfer of property "made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death."

The evidence clearly establishes the fact, found by the trial court, that the transfer here in question was not made in contemplation of death. The court found that it was a transfer intended to take effect in possession and enjoyment after the death of the deceased and that it was taxable under the provisions of sub. (3) of sec. 72.01 of the Statutes.

Both of these statutes were taken practically verbatim from the statutes of New York by ch. 44, Laws of 1903. Before the passage of this act, the New York statute corresponding to sub. (3) of sec. 72.01 of the Statutes was construed by the New York court in *Matter of Brandreth,* 169 N. Y. 437, 441, 62 N. E. 563. In this case it was held that this "section provides for two different cases: the first where the transfer is in contemplation of the death of the donor; the second, where it is intended to take effect in possession or enjoyment at or after such death. In the second case it is not necessary that the transfer should be made in contemplation of death; the liability to taxation depends solely on the character of the interest or estate transferred."

The construction given the statute in New York seems to logically follow from the express provisions of this legislative enactment and would be decisive of the case were it not for the provisions of sub. (7) of sec. 72.15 of the Statutes. It is the duty of the court to so construe each of these sections as to give force and effect to both provisions and not simply ignore sub. (7) of sec. 72.15 of the Statutes as some states seem to have done. Pinkerton & Millsaps, Inheritance and Estate Taxes, sec. 89.

Sub. (3) of sec. 72.01 of the Statutes is limited to estates that take effect after the death of the grantor, vendor, or donor. On the other hand, the language of sub. (7) of sec. 72.15 of the Statutes applies to all cases where the

charge, estate, or interest is "determinable by the death of 'any person." Under this statute the estate in remainder may pass to the donee and be enjoyed in possession during the life of the donor. Limiting this section to estates based upon the life of some person other than the donor, this statute is given force and effect, at the same time that sub. (3) of sec. 72.01 of the Statutes is given the construction that was adopted by this state when it enacted this provision of the New York law.

Sub. (3) of sec. 72.01 of the Statutes having been adopted from the laws of New York, "it follows that the judicial construction given to it in the former state, before and at the time of such adoption, was adopted also, and is the law here." *State ex rel. Rogers v. Wheeler,* 97 Wis. 96, 101, 72 N. W. 225. "It is a familiar rule that, if a statute adopted from another state has received an interpretation there, it is to have the same interpretation here." *Pomeroy v. Pomeroy,* 93 Wis. 262, 266, 67 N. W. 430.

Under the construction given the provisions of the New York act which became sub. (3) of sec. 72.01 of the Statutes, the order and judgment of the county court correctly determined the amount of inheritance tax to be paid by the appellants.

*By the Court.*—Order and judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on June 23, 1930.