WILL OF JONES: STATE, Appellant, vs. JONES, imp., Respondent.

*December 9, 1931—January 12, 1932.*

For the appellant there was a brief by the *Attorney General* and *F. C. Seibold,* assistant attorney general, and oral argument by *Mr. Seibold.*

For the respondent Griffith G. Jones there was a brief by *Hand & Quinn* of Racine, and oral argument by *E. B. Hand.*

ROSENBERRY, C. J.   Sec. 72.01, Stats. 1927, provides:

"A tax shall be and is hereby imposed upon any transfer of property, real, personal or mixed, or any interest therein, or income therefrom in trust or otherwise, to any person, association or corporation," etc.   (Exceptions.)

"(1) When the transfer is by will or by the intestate laws of this state from any person dying possessed of the property while a resident of the state." . . .

(Other provisions not material.)

As stated by counsel, the sole question for determination in this case is whether or not Griffith G. Jones took twenty-five per cent. of the appraised value of the 350 shares by the will, or whether, as the trial court held, he took it under the contract. That there was ample consideration to support the contract between John W. Jones and Griffith G. Jones is perfectly apparent. That, however, does not answer the entire question. One for a small but good consideration may bind himself by contract to confer upon another a large and substantial benefit. By virtue of the transaction Griffith G. Jones received for $31,500 property having a clear appraisal value of $42,000. By the contract of July 28, 1926, John W. Jones agreed to include in his will a provision which should give effect to the intention of the parties. Griffith G. Jones elected to exercise the option given by the will of John W. Jones. A bare statement of the facts leads irresistibly to the conclusion that whatever benefits he received he took under the will. The language of the contract and of the will admits of no doubt upon that point. Having received by the will a transfer of a twenty-five per cent. interest in the property in question, that interest is by the terms of the statute subject to a tax. Griffith G. Jones by his exercise of the option elected to receive the benefit in question. No reason appears, therefore, why he should not be subject to the tax. If it was the intent and purpose of John W. Jones that such benefit should be received free from the tax, a provision to that effect should have been included in the will.

It is argued in opposition to the right of the State to levy the tax that the right of Griffith G. Jones to the reduction of twenty-five per cent. of the appraised value is not donative in character but based upon a valuable consideration. This

is not a case where partners, for the purpose of the administration of their respective estates and the conserving of the partnership business, have agreed upon a basis of valuation of the property of the partnership, nor does the fact that John W. Jones may have been influenced to make the contract and will in question by the belief that the best interests of his estate would be conserved by a continuance of the management of the business by Griffith G. Jones, change the situation. If the transaction results in a benefit to the estate of John W. Jones because of the continued interest of Griffith G. Jones in the business, that in no way diminishes the benefit which Griffith G. Jones received under the will.

In *Howell's Estate* (1931) 255 N. Y. 211, 174 N. E. 457, the court of appeals had before it, under a somewhat different statement of facts, the precise question involved here, and the court reached the same conclusion that we have reached in this case. Prior cases are reviewed and analyzed and the application of the inheritance tax law of New York, which is very similar to our own, is considered.

*By the Court.*—That part of the order appealed from is reversed, and the cause remanded with directions to enter an order determining the amount of the tax as provided by law.