ESTATE OF WAITE: STATE and another, Respondents, vs. WAITE and others, Appellants.

*March 10—June 20, 1932.*

For the appellants there were briefs by *Thompsons, Gruenewald & Frye* of Oshkosh, and oral argument by *Miriam L. Frye*.

For the respondents there were briefs by the *Attorney General, F. C. Seibold,* assistant attorney general, *Neil Conway,* inheritance tax counsel, and *S. J. Luchsinger,* public administrator of Winnebago county, and oral argument by *Mr. Seibold* and *Mr. Conway*.

The following opinion was filed April 5, 1932:

WICKHEM, J. The sole question involved here is whether the transfer was one intended to take effect in possession or enjoyment at or after the death of the donor, by reason of the fact that the donor reserved the income to himself during his lifetime. No constitutional question is raised, and the case involves solely a determination as to the proper construction of sec. 72.01, sub. (3), Stats., which, so far as it applies here, reads as follows:

"(3) *Transfers in contemplation of death.* When the transfer is of property, made by a resident or by a non-resident when such non-resident's property is within this state, or within its jurisdiction, by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death."

The contention of the appellants is that the trust agreement vested title in the remainder at the time of its execution, and hence that the remainder did not pass. from the possession, enjoyment, or control of the donor at his death. *Will of Roth,* 191 Wis. 366, 210 N. W. 826, is cited to the effect that a remainder after a life estate is vested at once. *Will of Griffiths,* 172 Wis. 630, 179 N. W. 768, is cited to the effect that the law favors an early vesting of estates. Numerous federal cases are cited construing the federal inheritance tax law in accordance with appellants' contention. *May v. Heiner,* 281 U. S. 238, 50 Sup. Ct. 286; *Commissioner v. Northern Trust Co.* 41 Fed. (2d) 732; *Burnet v. Northern Trust Co.* 283 U. S. 782, 51 Sup. Ct. 342; *Morsman v. Burnet,* 283 U. S. 783, 51 Sup. Ct. 343, and *McCormick v. Burnet,* 283 U. S. 784, 51 Sup. Ct. 343.

It is considered that three cases in this court have settled the question contrary to appellants' contention. *Estate of Bullen,* 143 Wis. 512, 128 N. W. 109; *Will of Prange,* 201 Wis. 636, 231 N. W. 271; *Estate of Schranck,* 202 Wis. 107, 230 N. W. 691. In *Will of Prange, supra,* where the same sort of a trust was involved, except that the trustor merely reserved the right to vote the stock which formed the corpus of the trust but did not reserve any income, the court held that this was not a transfer to take effect in possession or enjoyment upon his death. It was held that "the test to be applied, in order to determine whether or not the transfer was intended to take effect in possession or enjoyment at or after such death, is whether the donor reserved to himself any beneficial or economic interest, or any right thereafter to otherwise dispose of any such interest, in the corpus of the trust, for the benefit of himself or otherwise."

Applying this test, it is clear that the transfer here involved falls within the operation of sec. 72.01, sub. (3), Stats., and is taxable.

The rule as set forth in the cases above cited is supported by the overwhelming weight of opinion. See 49 A. L. R. p. 864, at p. 878, for collection of cases.

We think it evident that it was the legislative intent, for the purpose of cutting off a fruitful source of tax evasion, to impose the tax upon such a transfer as is here involved. *Estate of Keeney*, 194 N. Y. 281, 87 N. E. 428.

*By the Court:*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on June 20, 1932.