Estate of Ogden: State and others, Respondents, vs. Ogden, Executrix, Appellant.

*September 15—October 11, 1932.*

*K. K. Kennan* of Milwaukee, for the appellant.

For the respondents there was a brief by the *Attorney General, F. C. Seibold,* assistant attorney general, *Neil Conway,* inheritance tax counsel, and *A. B. Houghton,* public administrator for Milwaukee county, and oral argument by *Mr. Seibold* and *Mr. Conway.*

FAIRCHILD, J. The record discloses a discharge of filial duty that is commendable and disarming. The devotion

shown by the daughter in the care of her parents was appreciated, and the father, to show his gratitude, made certain outright and completed gifts, and made a conditional gift by deed and understanding, of real estate. The deeds, which are a part of the transaction, were dated in April, 1927. The gifts were made with the oral understanding that the donor was to have all the income from said property during his lifetime and that the donee was to have neither possession nor enjoyment of the fruits thereof until the death of the donor. That this understanding existed is freely admitted by the appellant and there is no dispute but that the income from the properties was collected by the donor, considered as his property and used by him as his own, he paying the expenses in connection therewith, including income taxes. The case is not altered by the fact that the last few weeks before his death the donor asked the lessees of the property to send the rent in donee's name. There is nothing to indicate any relinquishment or modification of the existing agreement. In addition to evidence bearing upon the agreement referred to, the appellant testified that, at the time of the death of Mr. Ogden, "cash in the bank was not standing in his name but it was his money."

The facts are simple; but a very able argument is made in support of the proposition that under the conceded facts there was an absolute and irrevocable gift in the form of a valid deed or trust, and that therefore to levy an inheritance or transfer tax thereon is an unwarranted interference with vested rights. A review of cases cited and relied on by appellant causes us to observe that a technical analysis of each step in the sequence of events leading up to and ending in the "possession and enjoyment" by appellant of the property transferred to her warrants the earnestness of counsel, although we reach the same conclusion the trial court did.

The difficulties experienced in building up this system of taxation, making it equitable and at the same time prevent-

ing tax evasion, have been many and are the sources of much litigation. There is some confusion resulting from decisions on somewhat similar fact situations. The Wisconsin statute attempts to levy an inheritance tax on transfers of this character; not on interests in property that occur as an incident to the disposition of the estate of a decedent, but on succession to such interests as have their legal source in the transfer of the property as here made from this father to his daughter. The letter of the statute certainly shows the intention of the legislature to make the purpose or intention of the transferor the decisive factor. If we give our attention to this phase of the transaction, we come very naturally and logically to the conclusion reached by the trial court and overcome the difficulties which arise when we give our attention to an analysis of the character of the interest created by the deed.

The transaction with which we are here concerned took place when the law of this state provided for the imposition of a tax upon transfers of property in trust or otherwise, and intended to take effect in possession or enjoyment at or after such death. The statutory language suggests that the test of taxability is the time when the interest takes effect in possession or enjoyment, and if that occurs at or after the death of the donor, then the succession to the interest is taxable. In cases where there is a deed absolute on its face, made with such an understanding as exists in this case, in order to impose the tax there may seem to be some departure from property concepts developed prior to the passage and without consideration of tax laws of this character. But a tax such as is provided for in the statutes is an approved and accepted method of distributing the burden of raising money for governmental purposes. In 4 Cooley on Taxation (4th ed.) § 1722, there is pointed out a distinction between an estate tax and an inheritance

tax, according to whether the tax is based on the estate or interest of the deceased or the estate or interest of the living, that is, the heirs or devisees. An "estate tax" taxes not the interest to which some person succeeds on a death but the interest which ceases by reason of the death; while the inheritance tax is based on the interest to which the living succeeds. And this same author is authority to the effect that "the tax on the right to receive property under a will is to be distinguished from the tax on the right to transmit it. In most states the tax is based on the right to receive property, but in some states the tax is on the right to transmit, and the federal statute is of the latter kind." *Estate of Bullen*, 143 Wis. 512, 128 N. W. 109; *Bullen v. Wisconsin*, 240 U. S. 625, 36 Sup. Ct. 473.

Under the facts and circumstances which condition the transaction, it is not at all difficult to reach the conclusion that the donor and donee created for the donee an interest which, under the complete terms of the transfer, could vest in possession and enjoyment only at or after the donor's death. Then and then only was there a shifting of the economic use and benefit of the property to the donee. A tax is laid on the right to become beneficially entitled to property on the death of the former owner. The donor in life had the property as completely under his control so far as its earnings are concerned, and could do with it that which might inure to his own benefit without consideration of others, as if the gift had not been made. The agreement which was made and lived up to by the donee was that she was to have no control over or interest in the fruits of the property until her father's death; that his word in relation thereto was to control. In the decisions interpreting statutes of this character the general holding is that where the right to possession and enjoyment is suspended until the donor's death the interest does not reach the donee until

·that event occurs, and that the succession to that interest is taxable. (See article vol. 14 Minnesota Law Review by Prof. Rottschaefer, and cases there reviewed.)

The case at bar is within the rule followed in *Estate of Waite,* 208 Wis. 307, 242 N. W. 173, in which a deed or gift which provided for the retaining of the income from the property by the donor during his life was held to create a taxable interest on the death of the grantor. An arrangement is not effective in taking the case out of the reach of the statute (sec. 72.01, Stats.) under which arrangement or agreement the income from and the management of the property transferred is retained for the benefit of the donor by an original agreement between himself and the donee. *Will of Prange,* 201 Wis. 636, 231 N. W. 271. It seems that a case for taxability is complete. Any other holding would be recognizing indirect methods of testamentary disposition as valid and not taxable. The mere difference in the form of the promise by which the donee assumes obligations cannot be controlling. In order to escape the tax in this state the transfer must pass property from the transferor with all the attributes of ownership independently of his death. The element which makes the rule applicable is the intention of the donor, and this may be shown as well by an oral understanding or agreement as by a reservation formally and effectively expressed in the deed. *People v. Moir,* 207 Ill. 190, 69 N. E. 905; *Kelly v. Woolsey,* 177 Cal. 325, 170 Pac. 837. See note in 49 A. L. R. 866; Ross, Inheritance Taxation, § 112.

Appellant's proposition that to levy an inheritance transfer tax on an absolute and irrevocable gift in the form of a valid deed or trust is an interference with vested rights and in violation of the provisions of the Fifth and Fourteenth amendments to the United States constitution, even though the income arising from the corpus of the gift is

expressly reserved to the donor for his lifetime, is supported by the decisions in *May v. Heiner,* 281 U. S. 238, 50 Sup. Ct. 286; *Burnet v. Northern Trust Co.* 283 U. S. 782, 51 Sup. Ct. 342; *McCormick v. Burnet,* 283 U. S. 784, 51 Sup. Ct. 343. But if the distinction between an estate tax and an inheritance tax exists, then the cases relied on do not control, for it is then a matter of the meaning and construction of the Wisconsin statute, and the leading case of *May v. Heiner, supra,* wherein the United States supreme court held that reservation to the transferor of the income for life did not make the transfer one intended to take effect in possession or enjoyment at or after her death within the meaning of the federal statute, did not pass on a constitutional question affecting this state's inheritance tax. As to whether this court should adopt for the Wisconsin statute the construction given by the United States court to the federal statute was presented in the case of *Estate of Waite, supra,* and a different and former construction was there adhered to. In a matter of construction the state court's determination as to the meaning of a state statute prevails. *Nickel v. Cole,* 256 U. S. 222, 41 Sup. Ct. 467; *Saltonstall v. Saltonstall,* 276 U. S. 260, 48 Sup. Ct. 225; *Stebbins and Hurley v. Riley,* 268 U. S. 137, 45 Sup. Ct. 424; *Cahen v. Brewster,* 203 U. S. 543, 27 Sup. Ct. 174. The tax here sought to be enforced is a tax upon succession to the possession and enjoyment of property. The gift was not completed and the use and enjoyment never passed to the donee until the death of the donor, and so long as this privilege could not be exercised by the donee it is subject to the tax.

*By the Court.*—Order affirmed.