ESTATE OF MICHEL: MICHEL, Appellant, vs. DEPARTMENT OF TAXATION, Respondent.

*October 9—November 5, 1952.*

For the appellant there were briefs by *Hale, Skemp, Nietsch, Hanson & Schnurrer* and *Lees & Bunge,* all of La Crosse, and oral argument by *Quincy H. Hale.*

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

GEHL, J. We have recited only such of the facts as we deem necessary to be considered for a determination of the issue presented.

It appears from the contents of a note found in 5 A. L. R. (2d) 1122, that unless a peculiar factual situation exists so as to make both inapplicable, two rules have been followed in determining the effect of an agreement such as is present here upon the valuation of property made for the purpose of the assessment of an inheritance or estate tax. The so-called "federal rule" appears to be that the contract price determines the value; the so-called "Pennsylvania rule" is that the contract price does not determine value but requires that the appraisers take it into consideration.

Appellant contends that one or the other of the rules must be applied and that, therefore, the court was in error in requiring the appraisers to ignore the contract price.

The case, because of its peculiar facts, does not require the application of either rule. It will be observed that Carl did not buy the stock. He will acquire it, not by purchase under the provisions of the contract, but as a legatee under the terms of the will. *Will of Jones,* 206 Wis. 482, 240 N. W. 186. The value of his legacy is not affected by the fact that the contract exists. It is not as though the purchaser named in the contract were a stranger whose right to buy the stock

would manifestly affect its purchase price and the amount which might come to the estate as a result of its sale. Nor is the situation the same as would have resulted had Carl exercised his right under the contract to demand transfer of the stock to him and thus bring to the estate an amount less than what appears to be its value. In other words, because of the peculiar facts existing, the value of the stock is not affected by the terms of the contract.

The Wisconsin inheritance tax is imposed by the provisions of sec. 72.01, Stats., upon the clear market value of the property transferred, and "is based on the interest to which the living succeeds," *Estate of Ogden,* 209 Wis. 162, 167, 244 N. W. 571, and the value of the right which he receives, *Estate of Levalley,* 191 Wis. 356, 210 N. W. 941, *Will of Merrill,* 212 Wis. 15, 248 N. W. 909. That value is in this case the clear market value of the stock unaffected by the existence of the contract.

*By the Court.*—Order affirmed.