ESTATE OF STEVENS: STEVENS, Executrix, Appellant, vs. WITTIG, Public Administrator, and another, Respondents.

*March 1—April 6, 1954.*

332

For the appellant there was a brief by *Wood, Warner, Tyrrell & Bruce,* and oral argument by *Patrick W. Cotter* and *Jackson M. Bruce,* all of Milwaukee.

For the respondents there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons.*

GEHL, J.   At the time of his death Mr. Stevens was an officer and employee of the Milwaukee Boiler Manufacturing Company.  After his death the company declared an employee

bonus. On December 14, 1951, the company delivered to the executrix of his estate its check in the sum of $9,000 which is the amount of the bonus declared for him. There was no agreement, oral or written, by the terms of which the company had bound itself to pay the deceased any amount by way of bonus, but for several years and in each year prior to his death it had paid a bonus.

The amount of the bonus payment was not included in the inventory filed by the executrix. Upon the hearing for determination of inheritance tax the court by order entered on July 9, 1953, held the bonus taxable as a part of the assets of the estate and included the $9,000 as "property discovered after inventory filed" in the gross value of the estate. The executrix appeals and contends that the bonus payment is not a taxable transfer under Wisconsin inheritance-tax laws.

Sec. 72.01, Stats., provides:

"A tax shall be and is hereby imposed upon any transfer of property, real, personal, or mixed, or any interest therein, or income therefrom in trust or otherwise, to any person, association, or corporation [exceptions omitted], in the following cases, . . . :

"(1) *While a resident of state.* When the transfer is by will or by the intestate laws of this state from any person dying possessed of the property while a resident of the state."

"It is a tax imposed on a transaction, the transaction being the passing of property from the dead to the living. It is not a tax upon the property itself, and, consequently, neither the property nor the value thereof necessarily and inherently constitutes the basis for the amount of the tax. . . . The transfer contemplated occurs at the instant of death." *Estate of Week,* 169 Wis. 316, 318, 172 N. W. 732.

The tax, as the court says, is not levied upon the property itself. It does contemplate, however, that there is property which is transferred from a person by his death. When Mr. Stevens died he had no enforceable claim against the com-

pany. He had during his lifetime no more than the hope, if entitled to that, that a bonus payment might be declared, and until declared there was no one in whom existed the right to require payment of any sum in the way of bonus. As respects the bonus he possessed nothing of value. He had no interest in anything of determinable value until the company obligated itself to pay. We have no difficulty in arriving at the conclusion that the court erred in its determination that the bonus payment is taxable for inheritance-tax purposes.

The other question raised upon this appeal concerns the deduction allowed on account of federal estate taxes paid. Sec. 72.01 (8), Stats., provides:

"The tax so imposed shall be upon the clear market value of such property at the rates hereinafter prescribed and only upon the excess of the exemptions hereinafter granted. *Inheritance and estate taxes imposed by the government of the United States on property which is subject to the state inheritance tax, to the extent said federal taxes are computed on the value of the property for state inheritance-tax purposes, shall be deemed debts and shall be deducted in determining the value of the property transferred.*"

The executrix contends that the deduction for federal estate taxes paid should be computed on an apportionment basis, upon the ratio of the gross taxable estate for Wisconsin purposes to the gross taxable estate for federal purposes. The court below held, and the attorney general contends, that the deduction allowed is not an apportioned amount of the federal estate taxes paid.

The federal estate tax is imposed upon the transfer of some items of property which are not included in those considered in the determination of the state inheritance tax. For example, there is in this estate $10,000 of life insurance which is subject to the federal tax but is not reached under our statute. The full value of all property held jointly by the deceased with another is under some circumstances included

in the value of the estate under federal law; only one half of the value thereof is included in the determination of the Wisconsin inheritance tax.

The language contained in that portion of sec. 72.01 (8), Stats., which we have italicized, seems to us to be so clear as to leave no doubt as to its meaning. It is required, first, that for the deduction only the property which is reached by the State Inheritance Tax Law be considered, and, second, that the federal tax may be deducted only to the extent that it is computed upon the same values as are used for the determination of the state tax.

The executrix contends that the inequity of the construction contended for by the state is observable from the fact that a proportionate-ratio formula is applied in making adjustments in the credit for previously taxed property in sec. 72.045 (1), Stats., formerly sec. 72.04 (2), for the apportionment of the insurance exemption under sec. 72.01 (7) (b), and the estate-tax credit under sec. 72.50. There is another section in ch. 72, Stats., which directs the application of an apportionment formula in the determination of state inheritance tax. Sec. 72.04 (8) so requires in the case where a part of the decedent's property is in Wisconsin, a part without. It is contended that it should be concluded from an analysis of these provisions that the apportionment formula is generally considered to be the fairer and more equitable manner of computation. It would seem that if the legislature had considered an apportionment formula for determining the allowable deduction for federal estate taxes more equitable it would have so provided as it did expressly in the other provisions to which the executrix refers, and in sec. 72.04 (8). It cannot be said that the language of sec. 72.01 (8) which does not provide for an apportionment basis should be given that effect when it appears that other provisions of the same chapter do so provide in express terms. Under those circumstances it must be assumed that the

legislature deliberately omitted from the provisions of sec. 72.01 (8) the direction that an apportioned deduction be allowed for federal estate taxes paid.

The attorney general states, and the statement is not challenged, that since the enactment of sec. 72.01 (8), Stats., the tax department has consistently computed the deduction for federal estate taxes paid upon the basis applied in this case; that it has taken the amount of the Wisconsin estate subject to federal estate taxes and has computed the federal estate taxes upon that amount and allowed the result as the amount deductible in the computation of the state inheritance tax. Of course, the practice of the department does not require that we adopt its construction; we may, however, consider the acquiescence of the legislature in such construction during the period of about eight years since enactment of the statute. *Estate of Week, supra.* Aside from that fact, we consider the language unambiguous and that the court gave to it the correct construction.

*By the Court.*—That part of the order which determines that the bonus paid is to be considered a part of the assets of the estate is reversed. That part thereof which determines the amount of deduction allowable for federal estate taxes paid is affirmed.

MARTIN, J. (*dissenting in part*). I must dissent to that part of the majority opinion holding that the bonus is not a taxable transfer under sec. 72.01, Stats.

If the estate is entitled to the bonus payment at all, its right thereto must have come from the testator, either by the passing of his interest in it or as income produced after his death by property transferred to the estate. In my opinion it is necessary to define the bonus as one or the other.

An employee bonus is recognized in Wisconsin for tax purposes as compensation for services rendered. Had decedent lived to receive this payment he would have been re-

quired to report it for tax purposes as income received for services to his employer. Further, his employer was entitled to deduct such expenditure from its corporate income for tax purposes under sec. 71.04 (1), Stats.

But it is not income to the estate, since it was not earned by property of the deceased nor by services performed after his death. Neither is it a gift.

Bonuses are a comparatively new method of compensation for services rendered. A bonus is exactly what the word means,—something given in addition to what is ordinarily or strictly due. An employee bonus is something given to an employee in addition to his wages. The right to it arises directly and solely out of the employment relationship and is peculiar to the employee. His employment alone gives rise to it, and although it is not an interest upon which he can sue until a specific bonus payment is declared, it cannot be ignored that such an interest, rooted in the fact of his employment, is capable of fruition until the time has passed when the employer's business earnings establish that a bonus payment is or is not warranted. Until the happening of the contingency upon which fruition depends, that interest is as real as the fact of employment.

The significant fact, in my opinion, is that the bonus could be paid to the estate only because decedent had earned it, even though there was no legal liability on the part of the company to pay it until it was declared. Decedent's right to it was a contingent right, inchoate in character, which he possessed by reason of his employee relationship to the corporation during 1951. If he did not possess it or if it was not such as could pass to his estate at his death, appellant would have no authority to accept the bonus payment and distribute it under the will. It came to the estate through decedent's efforts.

It is true that at the moment of death the value of this contingent interest was not determinable. At that time it

may or may not have been worth anything. But that is immaterial since the tax is imposed upon the transfer of such interest, not upon the value thereof. *Estate of Week* (1919), 169 Wis. 316, 172 N. W. 732. And where the determination of value depends upon the happening of a contingency it has been held that the tax is due and payable when the interest vests in possession and its value is ascertainable. As stated in *State v. Pabst* (1909), 139 Wis. 561, 585, 121 N. W. 351:

> "This portion of the law does not operate to postpone the imposition of the tax on the transfer beyond the time of the death of the transferor, for, as we have seen, the tax comes into existence at the time of the death of the decedent and remains a lien on the property involved until paid; but, since the fair market value thereof is not then ascertainable, it operates to postpone payment to the time when it is ascertainable, namely, when the contingency happens which gives the beneficiary the actual possession or enjoyment of the property transferred."

The only case cited, where the facts are similar to those in this case, is *Estate of Messing* (CCH 1948), 7 TCM 568, 570, in which the United States tax court held that a bonus payment made to the estate was not includable in the estate for federal tax purposes. In that case, however, the tax court did not characterize the bonus, but based its opinion on a finding that there was no legal claim to the bonus payment at the time of the decedent's death "as to which he had an interest subject to valuation." In any event, we are concerned with the effect of sec. 72.01, Stats., and, as pointed out in *Estate of Ogden* (1932), 209 Wis. 162, 169, 244 N. W. 571:

> "In a matter of construction the state court's determination as to the meaning of a state statute prevails."

It will be noted that our statute provides a tax is imposed upon any transfer of property or any interest therein "except

as hereinafter provided." The burden of proof is upon the appellant to show that the bonus payment comes within the exceptions provided by the statute. This she has not done.

I am authorized to state that Mr. Chief Justice FAIRCHILD concurs in this dissent.