Estate of Banta: Banta and another, Appellants, vs. Riley, Public Administrator, and another, Respondents.

*June 5—June 22, 1956.*

For the appellants there were briefs by *Bouck, Hilton, Dempsey & Magnusen* of Oshkosh, and oral argument by *John E. Dempsey* and *Ray C. Dempsey.*

For the respondents there were briefs by the *Attorney General* and *Harold H. Persons* and *E. Weston Wood,* assistant attorneys general, and oral argument by *Mr. Persons* and *Mr. Wood* and by *Mr. Richard E. Williams,* inheritance tax counsel.

BROWN, J. On July 9, 1928, Ellen Lee Banta, wife of George Banta, Sr., owned 3,101 shares of the capital stock of the George Banta Publishing Company. Her husband owned other shares and her son, George, Jr., owned still others. They were all residents of Wisconsin. On that date Mrs. Banta and her son entered into a contract whose material provisions are:

"The first party, on behalf of herself, her executors, administrators, and assigns, hereby covenants and agrees to sell, transfer, and assign said three thousand one hundred one (3,101) shares of the common capital stock of said George Banta Publishing Company and all the capital stock of the said corporation that she may receive under the last will and testament of her said husband, to the second party, for the sum of fifteen dollars ($15) per share, payment thereof to be made to the first party's executor within one year after the death of the first party.

"And the second party, on behalf of himself, his heirs, executors, and assigns, hereby covenants and agrees to buy said stock hereinbefore described and pay for same at the rate of fifteen dollars ($15) per share within one year from the date of the first party's death, as hereinbefore provided."

George Banta, Sr., died in 1935, and his widow inherited 50 shares of capital stock which he owned at the time of his death. The widow died July 26, 1951, and within the following year the administrator of her estate, with will annexed, and her son performed the aforesaid contract according to its terms, whereby the estate transferred to George, Jr., 3,151 shares and he paid to the estate $15 per share, totaling $47,265. It is stipulated, as well as found by the trial court, that the fair market value of the stock was $15 per share at the date of the contract and $275 per share at the date of Mrs. Banta's death. The judgment directed the stock so transferred to be appraised for inheritance-tax purposes at the latter figure. The appellants are the administrator and the son George. They state:

"Therefore, the sole question to determine is whether the contract price, $15 per share, or fair market value at the time of death, $275 per share, is to govern in fixing the state inheritance tax upon 3,151 shares of the common stock of George Banta Publishing Company registered on its books in the name of Ellen Lee Banta on the date of her death."

The statute under which this issue is to be resolved is:

"Sec. 72.01 SUBJECTS LIABLE. A tax shall be and is hereby imposed upon any transfer of property, real, personal, or mixed, or any interest therein, or income therefrom in trust or otherwise, to any person, association, or corporation, in the following cases, except as hereinafter provided: . . .
"(3) (b) When a transfer is of property, made without an adequate and full consideration in money or money's worth by a resident or by a nonresident when such nonresident's property is within this state, or within its jurisdiction, by deed, grant, bargain, sale, or gift, intended to take effect

in possession or enjoyment at or after the death of the grantor, vendor, or donor, including any transfer where the transferor has retained for his life or for any period not ending before his death: 1 the possession or enjoyment of, or the right to the income, or to economic benefit from, the property, or 2 the right, either alone or in conjunction with any person, to alter, amend, revoke, or terminate such transfer, or to designate the beneficiary who shall possess or enjoy the property, or the income, or economic benefit therefrom. . . .

"(8) *Basis of tax.* The tax so imposed shall be upon the clear market value of such property at the rates hereinafter prescribed. . . ."

The quoted portion of the contract between Mrs. Banta and her son clearly provides for the transfer of her stock by her executor to George, Jr., within one year after Mrs. Banta's death. He was not to pay for it until that time, his payment was to be made to her executor, and until then he did not acquire any interest in it other than the right so to obtain it upon her death. There can be no doubt that the contract intends possession and enjoyment of the property by George, Jr., to take effect at or after the death of Mrs. Banta, the grantor. Until then the grantor retained its possession, enjoyment, and the right to its income. The parties to the contract so interpreted and so performed it.

The appellants' principal contention is that the transfer does not meet the other condition of sub. (3) (b) of sec. 72.01, Stats., which must be present in order to render such a transfer taxable at the clear market value of similar shares, namely that the transfer was made without adequate and full consideration in money or money's worth. They submit that the consideration expressed in the 1928 contract, $15 per share, should govern the taxable value since that was adequate and full consideration at that time. They cite no Wisconsin decision to that effect and we have searched but have discovered none. In this connection we interpret the

statute for the first time. We conclude that in its reference to a transfer made without adequate and full consideration in money or money's worth the legislature intended the sufficiency of the consideration to be determined as of the time set for the transfer of the property in possession and enjoyment, *i. e.*, the date of death of the grantor.

Appellants call our attention to the fact that the federal tax authorities valued this stock at $15 per share in United States inheritance-tax proceedings. We do not consider this a guide to an interpretation of the Wisconsin inheritance-tax liability. The United States taxes the estate as a whole and it may be perfectly proper for it to note that by Mrs. Banta's contract this stock was worth no more to her estate than $15 per share. But Wisconsin is not concerned with the total estate. It taxes the property interest which passes to an individual upon the former owner's death. "An 'estate tax' taxes not the interest to which some person succeeds on a death but the interest which ceases by reason of the death; while the inheritance tax is based on the interest to which the living succeeds." *Estate of Ogden* (1932), 209 Wis. 162, 167, 244 N. W. 571.

On June 22, 1928, George, Jr., contracted with one Thickens, a stockholder in the corporation, to sell Thickens enough shares from those which George might receive in performance of the contract with his mother to bring Thickens' holdings up to 2,500 shares. We do not consider George's contract with Thickens is material to affect the value of the shares which George received. Under the present statutes parties may not bind the state to their own stipulation of value of property, other than an adequate and full consideration at the time of transfer, when such property is intended to come into possession and enjoyment by the transferee at or after the death of the grantor, vendor, or donor.

*By the Court.*—Judgment affirmed.