Estate of Wanvig: State, Appellant, v. Wanvig, Respondent.

*October 28—November 26, 1963.*

For the appellant the cause was argued by *E. Weston Wood,* assistant attorney general, and *Richard E. Williams,* inheritance tax counsel, with whom on the briefs were *George Thompson,* attorney general, and *Harold H. Persons,* assistant attorney general.

For the respondent there was a brief by *Michael, Best & Friedrich,* attorneys, and *Roland J. Steinle, Sr.,* guardian *ad litem,* all of Milwaukee, and oral argument by *Mr. John S. Best* and *Mr. Steinle.*

Fairchild, J. The deceased, a resident of Wisconsin, left property with a gross value of $2,909,383.68. The

executors paid a federal estate tax of $234,633.95, computed on the same property subject to tax by Wisconsin, and using the same values. They claim (and the county court allowed) the full amount of such payment as a deduction in determining the Wisconsin inheritance tax. The total administration expenses were $98,819.20. In computing the federal estate tax, the executors claimed only $58,758.41 as a deduction. Had the full amount been deducted, the federal estate tax would have been $228,184.17. The attorney general claims that the latter, and smaller, amount is the proper deduction in determining the Wisconsin inheritance tax.

The full amount of administration expenses could have been deducted from the value of the gross estate in computing the federal estate tax.[1] The executors chose, however, to take advantage of $40,060.79 as deduction from income in computing their federal income tax, and waived the right to deduct that amount in computing the federal estate tax.[2] They deducted the full $98,819.20 as expenses of administration in determining the Wisconsin inheritance tax.[3] The attorney general claims that in order to determine the portion of federal estate tax which can be deducted in determining the Wisconsin inheritance tax, the federal estate tax must be recomputed by taking the full amount of administration expenses as a deduction.

The applicable statute is sec. 72.015 (5), Stats., as follows:

"DEDUCTIONS. Deductions for the following expenditures made by the personal representative shall be allowed to the estate subject to probate:
"...

"(5) Inheritance and estate taxes imposed by the government of the United States on property which is subject to the state inheritance tax, to the extent said federal taxes are computed on the value of the property for state inheritance

---

[1] 26 USCA, p. 319, sec. 2053 (a) (2).

[2] 26 USCA sec. 642 (a).

[3] Sec. 72.015 (3), Stats.

tax purposes, are debts and shall be deducted in determining the value of the property transferred."

The attorney general seems to contend that the term, "the value of the property for state inheritance-tax purposes," does not mean the total value of the assets in the estate, subject to tax, but the net value thereof after deduction of debts, burial expenses, and expenses of administration, called, by counsel, "ordinary deductions," and that in order to determine the extent to which the federal estate tax is deductible, one must recompute the federal tax, not only upon the same assets, taken at the same value, but also deducting the same amount of ordinary deductions as in the Wisconsin proceeding. We are unable to discern this meaning in the statute.

Before the enactment of ch. 204, Laws of 1939, no deduction was allowed for federal estate tax.[4]

In 1939, the legislature provided:

"Inheritance and estate taxes imposed by the government of the United States shall be deemed debts and shall be deducted in determining the value of the property transferred."[5]

In 1945, the statute was amended so as to read virtually the same as it does now. Unlike the 1939 enactment, the statute now provides that under some circumstances the allowable deduction will be smaller than the full amount of the federal tax paid.[6]

In 1954, this court determined the proper method for determining the amount of the deduction where the federal

---

[4] *Estate of Week* (1919), 169 Wis. 316, 172 N. W. 732; *Will of Kootz* (1938), 228 Wis. 306, 280 N. W. 672; and *Estate of Nieman* (1939), 230 Wis. 23, 283 N. W. 452.

[5] Ch. 204, Laws of 1939, amending sec. 72.01 (8), Stats.

[6] Ch. 280, Laws of 1945, amending sec. 72.01 (8), Stats.; ch. 221, Laws of 1959, transferred this provision from sec. 72.01 (8) to sec. 72.015.

estate tax paid had been computed on an estate including property not subject to the Wisconsin inheritance tax or property which was valued at a higher figure for federal than for Wisconsin purposes. In *Estate of Stevens* [7] the estate, for federal purposes, included life insurance not subject to the Wisconsin tax. Reference was also made to jointly held property which is included in a Wisconsin determination at half its value, but which may be included for federal purposes at a greater value. The taxpayer contended that the deduction should bear the same proportion to the federal tax paid as the gross taxable estate for Wisconsin purposes bore to the gross taxable estate for federal purposes. This court concluded (as the state there claimed) that the federal tax should be recomputed upon the amount of the estate included for Wisconsin purposes, and the amount of tax so recomputed would be the allowable deduction. The *Stevens* decision dealt only with a difference in assets or value thereof, and not with any difference between the amount of deductions taken in a federal tax determination and the amount of deductions taken in a state tax determination.

The attorney general calls our attention to two rules of construction to aid us in reaching the interpretation for which he contends:

The first is that statutes providing exemptions from taxation are to be strictly construed against the taxpayer.[8]

The second is "that a long and uninterrupted interpretation of the law by those who have the task of applying it is persuasive as to its meaning." [9] The department of taxation

---

[7] (1954), 266 Wis. 331, 63 N. W. (2d) 732.

[8] *Fall River Canning Co. v. Department of Taxation* (1958), 3 Wis. (2d) 632, 89 N. W. (2d) 203; *Estate of Thomas* (1957), 1 Wis. (2d) 402, 84 N. W. (2d) 68; *Comet Co. v. Department of Taxation* (1943), 243 Wis. 117, 123, 9 N. W. (2d) 620.

[9] *State ex rel. Irany v. Milwaukee County Civil Service Comm.* (1962), 18 Wis. (2d) 132, 136, 118 N. W. (2d) 137. See Davis, Administrative Law Text (hornbook series), pp. 92, 93, sec. 5.06.

has consistently applied sec. 72.015 (5), Stats., in the manner now contended for since 1945.

In order to follow the department's interpretation, however, it would be necessary to give the statute a meaning not conveyed by the words used, taken in their ordinary sense. The statute speaks in terms of value of property, and these words, to us, connote value of assets. The concept that they mean net aggregate value of assets after subtracting ordinary deductions is not readily apparent.

Sec. 72.015(5), Stats., as interpreted in *Stevens,* provides that the portion of the federal tax paid which is deductible in the Wisconsin inheritance-tax determination is an amount determined by applying the federal law to an estate consisting of the same assets as subjected to tax by Wisconsin, taken at values no greater than attributed to them in the Wisconsin proceeding. The Federal Estate Tax Law has a number of provisions which have no counterpart in the Wisconsin Inheritance Tax Law, *e.g.,* marital deduction under 26 USCA, p. 387, sec. 2056, $60,000 exemption under sec. 2052, and alternate valuation under sec. 2032. The ordinary deductions permissible under sec. 2053 are the same as those allowable by Wisconsin. But the federal law contemplates that some of these deductions may be used to reduce the federal income tax, upon condition that the right to take such amount for estate tax purposes be waived.[10] It is true that the other provisions of the federal law just mentioned will operate to reduce the federal estate tax, and the resulting deduction in the Wisconsin inheritance determination, while the election under sec. 642, involved here, will operate to increase the federal estate tax and the resulting deduction therefor.

We are unable to discern, however, any purpose or plan inherent in sec. 72.015(5), Stats., sufficiently clear to re-

---

[10] 26 USCA, p. 752, sec. 642.

quire and justify a departure from the ordinary meaning of the terms employed in that subsection. We do not entertain sufficient doubt as to the meaning to resort to the rules of construction above referred to.

We conclude, therefore, that since the federal estate tax was computed on an estate consisting of identical property, taken at identical values as in the Wisconsin inheritance-tax determination, the full amount of the federal tax paid was deductible in the Wisconsin determination.

*By the Court.*—Order affirmed.