WARE, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 7—April 1, 1930.*

*Robert H. Gollmar* and *J. W. Frenz,* both of Baraboo, for the plaintiff in error.

For the defendant in error there was a brief by *Frank B. Moss,* district attorney of Sauk county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Moss* and *Mr. Messerschmidt.*

STEVENS, J. (1) The chief question presented is whether the court erred in admitting the diary of the defendant in evidence. Without this diary the proof is sufficient to sustain the verdict of guilty, although there was such conflict in the evidence as might have led the jury to find the defendant not guilty. But the diary presents such persuasive evidence of guilt as to lead any open-minded trier of fact to render a verdict of guilty. Upon this state of the record the substantial rights of the defendant were prejudiced if the diary ought not to have been received in evidence.

Defendant's former husband, while he was living in the same house with the defendant as husband and wife, procured the diary by taking a key from the defendant's purse and unlocking the chest in which the diary was kept. The husband was in his own home, where he had a right to be. If he committed any wrong it was in unlocking the chest and taking the diary therefrom without the consent of his wife.

The case does not involve any question of unreasonable search or seizure or the act of any governmental agent or public officer. If any constitutional right of the defendant was violated, it was that which provides that she shall not be compelled to be a witness against herself.

Defendant had voluntarily committed the evidence of her guilt to writing. In substance the situation presented was not unlike that which would have been presented if she had made admissions to others or had written out a confession of guilt. In either case the reception of such evidence would not come within the constitutional prohibition as to being compelled to be a witness against one's self. But it may be said that it is not like the case of a voluntary admission or confession, because the husband obtained the diary wrongfully without her consent.

The fact that such a writing is procured wrongfully and without the consent of the defendant does not render it inadmissible in evidence. "The common-law rule is that the admissibility of evidence is not affected by the illegality of the means by which it was obtained. . . . Nor can we . . . subscribe to the suggestion that the courts have a discretion to exclude evidence, the admission of which is not unconstitutional, because unethically secured. This would be at variance with the common-law doctrine generally supported by authority. There is no case that sustains, nor any recognized text-book that gives color to, such a view." *Olmstead v. U. S.* 277 U. S. 438, 467, 468, 48 Sup. Ct. 564, 569, 72 Lawy. Ed. 944, 951, 952.

Mr. Wigmore in his scholarly work on evidence has, by the citation of a large number of decided cases, established the rule "that the admissibility of evidence is not affected by the illegality of the means through which the party has been enabled to obtain the evidence." 4 Wigmore, Evidence (2d ed.) § 2183. His analysis of the cases in the federal supreme court demonstrates that the doctrine of the exclusion of evidence illegally obtained should be confined strictly to those cases where the procuring of the evidence has violated some constitutional right of the defendant. This is not such a case.

If the admissibility of evidence is to be determined by consideration of the question whether it was obtained wrongfully or illegally, "inquiry into such matters would halt the

orderly progress of a cause for consideration of incidental questions which merely 'cross the path' of such litigation; moreover, . . . . the probative value of an evidentiary fact is not affected in the smallest particular by the manner or the means whereby the fact itself was obtained." 5 Jones, Commentaries on Evidence (2d ed.) § 2076.

"The decisions upholding this doctrine and covering most of the states of the Union without a dissenting voice so far as we have discovered are too numerous to mention." They are found collected in the notes cited in *People v. Mayen,* 188 Cal. 237, 205 Pac. 435, 437. See, also, *Imboden v. People,* 40 Colo. 142, 90 Pac. 608, 620.

If in such a case the rights of a party have been invaded, the one committing the act is liable to the person wronged, but such wrongful conduct does not deprive the court in its search for the truth of the right to consider the proof so obtained, unless in obtaining such evidence the constitutional rights of the party have been invaded.

(2) Defendant contends that the diary was "a private communication, made during marriage," by the defendant to her husband and that it was therefore not admissible under the provisions of sec. 325.18 of the Statutes. It is very clear that a diary written by a wife and kept by her under lock and key for the apparent purpose of keeping it from her husband is not a communication of any kind, private or otherwise, made by the wife to her husband.

Defendant relies upon *Smith v. Merrill,* 75 Wis. 461, 463, 44 N. W. 759, where the paper received in evidence was written by the wife in the presence of her husband, taken by him and copied in her presence and then returned to her. We are unable to concur in holding that the paper there in question was a confidential communication between husband and wife, and therefore decline to follow the rule announced in *Smith v. Merrill, supra.*

*By the Court.*—Judgment affirmed.