**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Howard TAYLOR, Defendant-Appellant.**

**No. 13782.**

United States Court of Appeals
Seventh Circuit.

Jan. 14, 1963.

Joel S. Siegel, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., Paul D. Keller, John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before DUFFY, KNOCH and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

Defendant, Howard Taylor, and others, were charged with violation of the federal narcotics laws. Defendant was convicted after a jury trial on two counts of the indictment, charging him with fraudulently and knowingly receiving, concealing, and facilitating the transportation and concealment of narcotics (Count 3), and unlawfully and wilfully selling the same narcotics (Count 4), in violation of Title 21 U.S.C. § 174 and Title 26, U.S.C. § 4705(a). A fifth count charging conspiracy was dismissed on motion of the government. Defendant was sentenced to serve a term of imprisonment of 8 years on each count, to run concurrently. Defendant appealed the cause to this Court.

Defendant argues that the evidence is insufficient to sustain conviction on either count; that defendant was merely shown to be present, or to have merely negatively consented by not interfering with the physical transfer of a small aluminum foil package (which later was found to contain heroin) from co-defendant Elgin Campbell to another co-defendant, Ruben Crawford, who, in turn, gave it to Bureau of Narcotics Agent Carl Jackson. Defendant also contends that the Trial Court committed prejudi-

cial error in permitting extensive and prejudicial cross-examination of defendant concerning his drug addiction.

The testimony presented conflicts and raised issues of credibility. Agent Jackson testified that he bought heroin from Ruben Crawford early in February 1962. About two weeks later, he telephoned Mr. Crawford to obtain more heroin. The two met at the Crawford apartment where Agent Jackson paid over $140. Mr. Crawford left him in the apartment. About four hours later, Agent Jackson received a telephone call instructing him to go to 5354 S. Calumet Avenue, Chicago, Illinois, which was the defendant's home address.

Agent Jackson testified further that he was admitted to the defendant's apartment by the defendant; that when he asked for Ruben Crawford, defendant led him into the bedroom. He found Mr. Crawford there. Mr. Crawford told him that he was waiting for someone "to bring the stuff." Shortly afterward Elgin Campbell arrived bringing the above described foil package.

Agent Jackson also testified that as he was about to leave with the heroin, defendant asked for a part of the heroin, stating that it had been promised to him by Ruben Crawford. When Agent Jackson refused to give defendant any of the heroin, defendant (according to Agent Jackson's testimony) grew angry and pointed out the risk he was taking in allowing the men to come to his apartment to transact this business. This conversation was denied by defendant when he testified. In his written statement describing the incident shortly after it occurred, Agent Jackson had not recorded defendant's request for a part of the heroin. He had recorded a warning (which is admitted by the defendant) to be careful in leaving the building because it was under observation of the police.

Defendant testified that he had no knowledge that any sale would take place, received none of the money paid therefor, and none of the drugs involved. The Bureau of Narcotics Agents who arrested defendant testified that at that time defendant admitted that the narcotics transaction was consummated at his apartment and stated that he allowed it to go on in his home because he was to receive a part of the narcotics. Defendant, in his own testimony, denied making such admissions.

■   The sentences here are within the statutory maximum and run concurrently. If we find the conviction as to either count is supported by the evidence, we need not consider the other count. United States v. Sheridan, 329 U.S. 379, 381, 67 S.Ct. 332, 91 L.Ed. 359 (1946).

■   It is axiomatic that we may not weigh the evidence *de novo* or determine the credibility of the witnesses who were heard and seen by the jury. We must view the evidence in the light most favorable to the government and must sustain the jury's verdict if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

■   If the jury credited the testimony of the Bureau of Narcotics agents and disbelieved the testimony of the defendant, there is ample evidence to support a finding that defendant was, at least, an aider and abettor of the sale in violation of the statute.

■■   We have carefully considered the cross-examination of the defendant respecting his addiction. As the Trial Judge noted in response to an objection, the door to this line of questioning was opened by the defendant in his direct examination. His addiction was a vital element in the case. He denied admissions that he had lent his apartment for the illicit transaction in the hope of securing some of the heroin. The extent of his addiction and his available sources of supply were pertinent to the issues. The conduct of cross-examination and the limitations to be imposed, in the light of the particular circumstances of a specific case, must in large part be left

to the sound discretion of the Trial Judge. United States v. Lawinski, 7 Cir., 1952, 195 F.2d 1, 7. We find no abuse of that discretion here.

The Court wishes to express its gratitude to Mr. Joel S. Siegel of the Illinois bar who faithfully represented the defendant in this appeal with diligence and skill, as Court-appointed counsel.

The judgment of the District Court is affirmed.

Affirmed.