**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Matthew CRUMBLE, Defendant-Appellant.**

**No. 14413.**

United States Court of Appeals
Seventh Circuit.

April 24, 1964.

Nathaniel D. Rothstein, Irvin B. Charne, Milwaukee, Wis., for appellant.

James B. Brennan, U. S. Atty., Louis W. Staudenmaier, Jr., Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before DUFFY, CASTLE and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

The defendant-appellant, Matthew Crumble, was convicted, following a trial before the court without a jury, of violating 18 U.S.C.A. § 2422 by knowingly inducing a woman, Gloria Dixon, to go in interstate commerce as a passenger on a line of a common carrier from Milwaukee, Wisconsin to Minneapolis, Minnesota for the purpose of prostitution. He was sentenced to imprisonment for a term of five years.

The main contested issues presented by defendant's appeal are:

(1) Whether there is sufficient competent evidence in the record to sustain the conviction.

(2) Whether the trial court erred in refusing to direct a government witness to testify concerning the testi-

mony given by the witness at a State investigatory proceeding conducted under a statute providing for a secret examination of witnesses to determine if there is probable cause for the issuance of a warrant upon a criminal complaint.

(3) Whether the court erred in refusing to direct the magistrate who conducted the State proceeding to testify concerning the testimony given by the defendant at such hearing and to turn over a transcript of the testimony given by the government witness and by the defendant for use by the defendant in the conduct of his defense.

It is well established that on appeal in resolving the issue of sufficiency of the evidence to sustain a conviction we must view the evidence and all reasonable inferences which may be drawn therefrom in a light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680. As a reviewing court it is not our function to weigh evidence or to determine the credibility of witnesses. United States v. Zimmerman, 7 Cir., 326 F.2d 1. An appraisal of the record in the light of the above standard convinces us that there is substantial evidence to sustain the conviction.

Gloria Dixon testified, in substance, that commencing in April of 1960 she engaged as a prostitute for the defendant and turned her earnings over to him; that defendant beat her on occasions and that she was afraid of him; that in October of 1961, at a time when she hoped to obtain leniency in connection with the disposition of criminal charges for prostitution pending against her in Milwaukee, by promising to leave, a conversation took place with the defendant at her apartment in the presence of Betty Robinson and Major Jones. She testified that the subject matter was "about going to Minneapolis for the purposes of prostitution"; that Jones told the defendant "the town was nice, and that the police weren't on to the girls—hard on the girls"; that the defendant told her "Go to Minneapolis"—directed her to go to Minneapolis; that she did go there by railroad train, and engaged in prostitution there until her arrest in November.

The defendant and Betty Robinson denied that Jones was present at the time of the conversation alluded to and denied that the defendant told Gloria Dixon to go to Minneapolis for the purpose of engaging in prostitution. Although the defendant denied that Gloria Dixon turned over her earnings from prostitution to him he admitted that he knew she was a prostitute and testified he told her not to "turn any tricks" while in Minneapolis.

The record discloses that defendant was in Minneapolis while Gloria Dixon was there and stayed in the same building she did. He was observed by Minneapolis police officers letting Gloria Dixon out of his Cadillac automobile in the vicinity of the places where she solicited for prostitution. Betty Robinson and Gloria Dixon were seen using the defendant's car on other occasions. The defendant was in Gloria's room when she was returned from jail following her arrest in Minneapolis. He supplied part of the funds to pay her fine—the balance was paid from money she had earned from prostitution.

We are of the opinion that the testimony favorable to the government—and the reasonable inferences which arise therefrom—constitute sufficient substantial evidence to support the conviction. The fact that Gloria Dixon, the chief witness for the prosecution, gave testimony before a Federal Grand Jury inconsistent with her trial testimony implicating the defendant, and also admitted she testified differently at a State investigatory proceeding goes only to the credibility of her trial testimony—a matter for resolution by the trier of the facts. Her trial testimony was not without corroboration in the form of reasonable inferences which arise from the testimony of others and by what the record reveals with respect to the admissions and conduct of the defendant.

Defendant's argument that proof of the element of "inducement" is lacking is unconvincing if the testimony of Gloria Dixon is believed. The learned and experienced trial judge evidently did place credence in that testimony and we "do not function as a super-fact-finding tribunal". United States v. Owen, 7 Cir., 231 F.2d 831, 833.

■■■■ The record discloses that Gloria Dixon had testified before a Wisconsin magistrate in a proceeding conducted under Section 954.025 Wis.Stat., 1961 [1], commonly referred to as a John Doe proceeding. She had been sworn to keep secret the matters that went on in the questioning. In the course of her cross-examination during defendant's trial she was questioned concerning the John Doe proceeding and admitted that she had, at first, denied having anything to do with the defendant. Government counsel then inquired as to whether she had been sworn to secrecy concerning the John Doe proceeding. Upon her answer in the affirmative the trial court refused to require her to testify further concerning what she had said at the John Doe hearing. In our opinion this ruling did not constitute reversible error. The witness' prior inconsistent federal grand jury testimony had been produced and used for impeachment purposes. The effect of the John Doe testimony, if in fact it was inconsistent with the witness' trial testimony, would have been but cumulative. In view of this there was no abuse of discretion in the ruling of which defendant complains. The trial court has wide discretion as to the nature and extent of cross-examination of witnesses.

United States v. Taylor, 7 Cir., 312 F.2d 159; United States v. Lawinski, 7 Cir., 195 F.2d 1, 7.

■■■ The secrecy provision of the Wisconsin statute has been likened to the secrecy attending grand jury testimony. State ex rel. Alford v. Thorson, 202 Wis. 31, 231 N.W. 155. And the secrecy requirements are binding on the magistrate who conducts the hearing. State ex rel. Niedziejko v. Coffey, 22 Wis.2d 392, 126 N.W.2d 96. Assuming, for the purpose of this case, that the District Court has power and authority to compel disclosure of testimony given under such statute and to require the production of a transcript thereof where necessary to the furtherance of justice, we are of the opinion that a proper regard for the preservation of a delicate balance of state-federal relations in this area demands that we here be governed by the doctrine which has been applied to protect the secrecy of federal grand jury testimony. In United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077, it was observed:

"The grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow. This 'indispensable secrecy of grand jury proceedings,' United States v. Johnson, supra, 319 U.S. at page 513 [63 S.Ct. at page 1238, 87 L.Ed. 1546], must not be broken except where there is a compelling necessity. There are instances when that

1. The Wisconsin statute provides: "John Doe proceeding. If a person complains to a magistrate that he has reason to believe that a crime has been committed within his jurisdiction, the magistrate shall examine the complainant on oath and any witnesses produced by him and may, and at the request of the district attorney shall, subpoena and examine other witnesses to ascertain whether a crime has been committed and by whom committed. The extent to which the magistrate may proceed in such examination is within his discretion. The examination may be ad-

journed and may be secret. If it appears probable from the testimony given that a crime has been committed and who committed it, the complaint shall be reduced to writing and signed and verified; and thereupon a warrant shall issue for the arrest of the accused. The record of such proceeding and the testimony taken shall not be open to inspection by anyone except the district attorney unless it is used by the prosecution at the preliminary hearing or the trial of the accused and then only to the extent that it is so used."

need will outweigh the countervailing policy. But they must be shown with particularity."

See also, In re Holovachka, 7 Cir., 317 F.2d 834 and Pittsburgh Plate Glass Company v. United States, 4 Cir., 260 F.2d 397, 402–404.

 Here the record does not establish the "particularized need" and "compelling necessity" which would outweigh the countervailing state policy of secrecy with which the statute cloaks the John Doe proceeding. That defendant had been granted immunity in connection with his testimony before the magistrate in the John Doe hearing does not, as defendant contends, afford a basis for requiring revelation of his John Doe testimony—either through compelling the magistrate to testify concerning the same or compelling production of a transcript of such testimony for defendant's access and use. The immunity granted extended only to state offenses. Feldman v. United States, 322 U.S. 487, 493, 64 S.Ct. 1082, 88 L.Ed. 1408; State ex rel. Jackson v. Coffey, 18 Wis.2d 529, 539, 118 N.W.2d 939 [2]. And we find no merit in the defendant's contention that government participation in the state proceedings and grant of immunity requires disclosure of his John Doe testimony. The circuit judge who granted defendant immunity did testify as to that proceeding [3]. There was no federal participation therein. And, that the record shows that an Assistant United States Attorney was present at the John Doe hearing because of defendant's complaint that his civil rights were being violated and that he was being framed by the Milwaukee police vice and narcotics squads does not bring the situation within the exception noted in Knapp v. Schweitzer, 357 U.S. 371, 78 S.Ct. 1302, 2 L.Ed.2d 1393 and Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520.

2. The defendant testified he was granted immunity "concerning certain payoffs to police officers".

3. The proceeding for granting immunity is separate and apart from the John Doe

The Assistant United States Attorney did not participate in the John Doe interrogation of the defendant—nor in the compulsion of such testimony.

The judgment order of the District Court is affirmed.

Affirmed.

proceeding. State ex rel. Jackson v. Coffey, 18 Wis.2d 529, 118 N.W.2d 939. In the instant case the circuit judge was also the magistrate who presided at the John Doe hearing.