IN MATTER OF ESTATE OF HAASE, a/k/a Oscar Rudolph Haase, Deceased: STATE, Appellant, v. MARINE NATIONAL EXCHANGE BANK OF MILWAUKEE, Personal Representative of the Estate, Respondent.

*No. 75–815. Submitted on briefs December 1, 1977.—*
*Decided January 3, 1978.*
(Also reported in 260 N.W.2d 809.)

For the appellant the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *John E. Armstrong,* assistant attorney general.

For the respondent the cause was submitted on the brief of *Thomas G. Travers* and *Tomlinson, Gillman & Travers, S. C.* of Madison.

DAY, J. This is an appeal from an amended order determining inheritance taxes in the estate of Oscar R. Haase (hereafter estate). The estate claimed inheritance tax administrative expense deductions of $15,096.08 paid out in brokerage commissions in the sale of real estate and stock and other miscellaneous disbursements such as title policies and abstract fees connected with those sales.

The estate also used the $15,096.08 as a reduction or setoff on the fiduciary income tax returns of the estate to reduce the amount of capital gains realized on the sale. The parties agree that the issue here is whether these sales expenses may be claimed as administrative expense deductions for inheritance tax purposes when they have already been used as a setoff to reduce the amount of capital gains tax due on the fiduciary income tax returns. The trial court decided that the sales expenses could be used for both purposes. The Wisconsin Department of Revenue (hereinafter department) appealed from that determination.

The statute in question is 72.015, Stats. (1969) which is part of the Wisconsin Inheritance Tax Act. It reads as follows:

"72.015 **Deductions.** Deductions for the following expenditures made by the personal representative shall be allowed to the estate subject to probate:

"...

"(3) Expenses of administration, but only to the extent not claimed for income tax purposes. . . ."[1]

■

We conclude that under the wording of the statute these expenses incurred by the personal representative were administrative expenses claimed for income tax purposes and they could not also be used as a deduction on the inheritance tax return. Therefore we reverse the trial court.

■

The estate claims that it should be allowed to deduct the sales expenses as administrative expenses on the inheritance tax return. It cites as authority *Commissioner of Internal Revenue v. Estate of Bray,* 396 F.2d 452 (6th Cir. 1968). The estate argues that a federal interpretation of federal statutes is persuasive because the Wisconsin income tax laws were "federalized" under §§74 a, b, through 74 e, f, Ch. 163, Laws of 1965. This court has also stated that where the Wisconsin statutes are similar to the federal provisions, the interpretation of the federal courts should be given considerable weight. *Estate of Kersten,* 71 Wis.2d 757, 763, 239 N.W.2d 86 (1975).

■

In *Estate of Bray,* the estate sold stocks to pay administrative expenses and taxes and took an inheritance

[1] The statute has since been renumbered sec. 72.14(1)(c), Stats. (1975), using similar language. Insofar as Wisconsin Law is concerned, the parties agree that the statutes of 1969 apply as to both inheritance tax and income tax considerations.

tax deduction for the administrative expense incurred in the sale of the stock, pursuant to 26 U.S.C.A. §2053.[2] According to 26 U.S.C.A. §642(g),[3] amounts that were deducted as inheritance tax administrative expenses could not also be deducted against the income of the estate. The tax court interpreted 26 U.S.C.A. §642(g) as allowing the deduction in both taxes. *Bray* at 46 T.C. 577. The circuit court of appeals affirmed the tax court without opinion relying on the reasons given by the tax court. The tax court reasoned that there was a distinction between the setoff of sales expenses against capital gains and a true deduction.

"The statute does not prohibit taking what is a setoff against selling price and not a true deduction in the income tax return and using the same item to reduce the estate in the estate tax return." *Bray* at 46 T.C. 582.

This same distinction between a deduction and a setoff was made in *Commerce Trust Company v. United States*, 438 F.2d 111 (8th Cir. 1971) and cases cited therein.

The effect of the *Bray* case was changed by P.L. 94–455, Sec. 2009(d), 90 Stats. 1896, amending 26 U.S.C.A.

---

[2] 26 U.S.C.A. §2053, provides, in part:

"(a) *General Rule*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts. . .

". . .

"(2) for administration expenses, . . ."

[3] 26 U.S.C.A. §642(g), provides, in part, that:

"*Disallowance Of Double Deductions*—Amounts allowable under section 2053 . . . as a deduction in computing the taxable estate of a decedent shall not be allowed as a deduction in computing the taxable income of the estate, unless there is filed, within the time and in the manner and form prescribed by the Secretary or his delegate, a statement that the amounts have not been allowed as deductions under section 2053 . . . and a waiver of the right to have such amounts allowed at any time as deductions under section 2053 . . ."

§642(g). The amendment took effect in 1976 and reads as follows:

". . . (g) *Disallowances Of Double Deductions.* Amounts allowable under section 2053 or 2054 as a deduction in computing the taxable estate of a decedent shall not be allowed as a deduction (or as an offset against the sales price of property in determining gain or loss) in computing the taxable income of the estate or of any other person . . ."

We are not persuaded by the reasoning of the *Bray* case. While both parties to this appeal cite conflicting rules on statutory construction, the wording here is too clear to require such rules to be applied. *Estate of Wanvig*, 21 Wis.2d 416, 420, 421, 124 N.W.2d 660 (1963). The meaning of 72.015(3), Stats. (1969) is clear: The expenses of administration may not be used as both an inheritance tax and estate income tax deduction. To say that for inheritance tax purposes the brokerage commissions and other expenses were "administrative expenses" but that for income tax purposes, they are "offsets" does not change the fact that in both instances, they are expenses of administration regardless of their label. Here the deduction was used on the income tax return and it could not properly be used under the statute for inheritance tax purposes.

*By the Court.*—Amended order reversed and cause remanded for further proceedings not inconsistent with this opinion.

HANLEY, J., took no part.