STATE of Wisconsin, Plaintiff-Appellant,†

v.

James Beryl BRADY, Defendant-Respondent.

Court of Appeals

*No. 83–474–CR.  Submitted on briefs October 3, 1983.—*
*Decided February 24, 1984.*
(Also reported in 345 N.W.2d 533.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *David J. Becker,* assistant attorney general.

For the defendant-respondent the cause was submitted on the briefs of *Robert D. Junig* of Beloit.

Before Gartzke, P.J., Bablitch, J., and Dykman, J.

GARTZKE, P.J.   James Brady is charged with theft by fraud, sec. 943.20(1)(d), Stats. He previously had been arrested to secure his presence as a witness in another matter, a John Doe proceeding. The state appeals from an order suppressing evidence resulting from that arrest. The issues are: (1) may a John Doe judge issue a material witness warrant under sec. 969.01(3), Stats.; (2) if not, did defendant's arrest on such a warrant violate his right against unreasonable search and seizure; and (3) does the exclusionary rule apply to the violation. We hold that the warrant was invalid, the arrest was unlawful and the evidence was properly suppressed. We therefore affirm.

On or about the day the John Doe proceeding was commenced, May 21, 1982, citing sec. 969.01(3), Stats., the John Doe judge issued a warrant for defendant's arrest, which required him to appear as a material witness. He was arrested on a Friday to appear at the John Doe hearing. Bail was set the next Monday. While in custody during the weekend and after waiving his *Miranda* rights, he gave statements to the police and consented to a search of his business premises.

The statements and evidence obtained from the search inculpated defendant. The pending charge resulted. Defendant moved to suppress those statements and that evidence. The court granted defendant's motion on grounds

that sec. 969.01(3), Stats., does not authorize the arrest of a material witness in a John Doe proceeding.

When issuing the arrest warrant, the John Doe judge relied on sec. 969.01(3), Stats., which provides in relevant part:

If it appears by affidavit that the testimony of a person is material in any felony criminal proceeding and that it may become impracticable to secure his presence by subpoena, the judge may require such person to give bail for his appearance as a witness. If the witness is not in court, a warrant for his arrest may be issued and upon return thereof the court may require him to give bail . . . for his appearance as a witness. If he fails to give bail, he may be committed to the custody of the sheriff for a period not to exceed 15 days within which time his deposition shall be taken as provided in s. 967.04.

John Doe proceedings are conducted pursuant to sec. 968.26, Stats., which provides:

If a person complains to a judge that he has reason to believe that a crime has been committed within his jurisdiction, the judge shall examine the complainant under oath and any witnesses produced by him and may, and at the request of the district attorney shall, subpoena and examine other witnesses to ascertain whether a crime has been committed and by whom committed. The extent to which the judge may proceed in such examination is within his discretion. The examination may be adjourned and may be secret. Any witness examined under this section may have counsel present at the examination but such counsel shall not be allowed to examine his client, cross-examine other witnesses or argue before the judge. If it appears probable from the testimony given that a crime has been committed and who committed it, the complaint shall be reduced to writing and signed and verified; and thereupon a warrant shall issue for the arrest of the accused. Subject to s. 971.23, the record of such proceeding and the testimony taken shall not be open to inspection by anyone except the district attorney unless it is used by the prosecution at the preliminary hearing or

the trial of the accused and then only to the extent that it is so used.

The purpose of a John Doe proceeding is to determine if a crime has probably been committed and who probably committed it, not whether a specific person committed a specific crime. *State v. Washington,* 83 Wis. 2d 808, 821–22, 266 N.W.2d 597, 604 (1978). The John Doe judge should act with a view toward issuing a complaint or determining that no crime has been committed. *Id.* at 823–24, 266 N.W.2d at 605.

"A crime is conduct which is prohibited by state law and punishable by fine or imprisonment or both." Sec. 939.12, Stats. Both the common law and our criminal code have carefully distinguished between two broad classes of crimes, felonies and misdemeanors, not only by definition but by procedural safeguards and by attaching more serious consequences to felonies.

A material witness arrest warrant, by the express terms of sec. 969.01 (3), Stats., may be issued in a "felony criminal proceeding." A John Doe judge determines if any crime has been committed. The John Doe judge may not, and need not, be able to predict that a finding will be made that a specific crime has been committed or that it was felonious. Accordingly, we conclude that a John Doe proceeding is not a "felony criminal proceeding." It follows that a John Doe judge may not issue a material witness warrant under sec. 969.01 (3). The warrant authorizing defendant's arrest was therefore invalid, and he was unlawfully arrested.[1]

---

[1] The state cites *Bacon v. United States,* 449 F.2d 933 (9th Cir. 1971), for the proposition that John Doe proceedings are criminal proceedings. Federal cases are persuasive guides to the construction of state law when the state and federal provisions are similar, *In Matter of Estate of Haase,* 81 Wis. 2d 705, 707, 260 N.W.2d 809,

The state argues that the arrest, even if unlawful, did not violate defendant's constitutional rights. Because statutes permitting the arrest of material witnesses to secure their testimony are constitutional, *Barry v. United States ex rel. Cunningham,* 279 U.S. 597, 616–17 (1929), the state contends that only a statutory violation occurred. The state concludes that the exclusionary rule is inapplicable and the suppression order should not have been entered. We disagree.

The fourth amendment to the United States Constitution forbids unreasonable searches and seizures. The prohibition contained in the fourth amendment is made applicable to the states by the fourteenth amendment. *Mapp v. Ohio,* 367 U.S. 643, 655 (1961). A warrantless search or seizure is per se unreasonable, in the absence of exceptions pertaining to persons stopped, arrested, or searched or their premises searched in connection with crimes, none of which apply to this case. *Payton v. New York,* 445 U.S. 573, 585–87 (1980). The state does not contend that a person may be arrested without a warrant solely to obtain his or her testimony as a material witness.

We conclude that the arrest of defendant as a material witness pursuant to a warrant unlawfully issued in a John Doe proceeding is an unreasonable seizure under the fourth amendment. It is undisputed that the evidence sought to be suppressed was obtained as the result of defendant's arrest. Evidence obtained by an unreasonable search or seizure is inadmissible against the victim of the constitutional violation. *Mapp,* 367 U.S. at 655.

The state urges us to adopt a good faith exception to the exclusionary rule. It argues that the exclusionary

811 (1978), but the federal courts differ on the meaning of "criminal proceeding," *United States v. Thompson,* 319 F.2d 665, 668 (2d Cir. 1963), and our concern is with a warrant issued in a "felony criminal proceeding."

rule is intended to deter police misconduct, and because the police believed they had a valid warrant, police misconduct is absent.

We need not examine the state's premise that the police may in good faith interrogate a person who could have been subpoenaed but was arrested merely to secure his appearance as a witness. The United States Supreme Court refused to adopt a good faith exception to the exclusionary rule in *Taylor v. Alabama,* 457 U.S. 687, 693, (1982).[2] The court of appeals ought not establish a good faith exception to this longstanding rule when the United States Supreme Court has as yet refused to do so.

*By the Court.*—Order affirmed.

---

[2] In *Illinois v. Gates,* —— U.S. ——, ——, 76 L. Ed. 2d 527, 534–35 (1983), the Court requested briefing on whether to adopt a good faith exception to the exclusionary rule, but did not address the issue. The Court recently heard argument in two cases involving a possible good faith exception. *United States v. Leon,* No. 82–1771 (U.S. argued Jan. 17, 1984); and *Massachusetts v. Sheppard,* No. 82–963 (U.S. argued Jan. 17, 1984). A third case involving the good faith exception argument, *United States v. Tate,* No. 83–24 (U.S.) is pending.

Defendant also argues that the secrecy of the John Doe proceedings precludes review of the John Doe judge's decision to issue the arrest warrant and therefore defendant is unable to present evidence whether the arrest was in bad faith. We do not reach this issue.