ROBERT D. ZAPF, District Attorney Kenosha County
You have asked two questions based on the following factual scenario. A private individual petitioned a trial court judge to convene a John Doe proceeding. The judge declined; however, he referred the petition to the intake judge.
The intake judge, on his own motion, scheduled the matter for a John Doe hearing and began to subpoena witnesses. The judge indicated that he would conduct all the questioning and, if he felt it necessary, would appoint a special prosecutor to handle any resultant prosecutions. It should be noted that the John Doe complaint alleged that members of the Kenosha County Sheriff's Department may have committed the crime of misconduct in public office in the investigation of a then-pending first-degree murder prosecution.
You ask what, if any, are the limits of the judge's authority in presiding over or conducting a John Doe proceeding, and whether section 968.26, Stats., is unconstitutional as a violation of the separation of powers doctrine.
Section 968.26 states:
 If a person complains to a judge that he has reason to believe that a crime has been committed within his jurisdiction, the judge shall examine the complainant under oath and any witnesses produced by him and may, and at the request of the district attorney shall, subpoena and examine other witnesses to ascertain whether a crime has been committed and by whom committed. The extent to which the judge may proceed in such examination is within his discretion. The examination may be adjourned and may be secret. Any witness examined under this section may have counsel present at the examination but such counsel shall not be allowed to examine his client, cross-examine other witnesses or argue before the judge. If it appears probable from the testimony given that a crime has been committed and who committed it, the complaint shall be reduced to writing and *Page 218 
signed and verified; and thereupon a warrant shall issue for the arrest of the accused. Subject to s. 971.23, the record of such proceeding and the testimony taken shall not be open to inspection by anyone except the district attorney unless it is used by the prosecution at the preliminary hearing or the trial of the accused and then only to the extent that it is so used.
The first reported case dealing with the John Doe proceeding isState ex rel. Long and another v. Keyes, 75 Wis. 288, 44 N.W. 13
(1889). The question before the court concerned the extent of the power and jurisdiction of the judge to subpoena and examine witnesses, in addition to the complaining witness, under oath for the purpose of ascertaining whether an offense had been committed and, if so, by whom. The judge was acting pursuant to Wis. Rev. Stat. of 1839 (Territorial), an act to provide for the arrest and examination of offenders, commitment for trial and taking bail, sec. 2, pp. 369-70, which stated:
 Upon complaint made to any such magistrate that a criminal offense has been committed, he shall examine on oath the complainant and any witnesses produced by him, and shall reduce the complaint to writing, and shall cause the same to be subscribed by the complainant; and if it shall appear that any such offense has been committed, the court or justice shall issue a warrant reciting the substance of the accusation, and requiring the officer to whom it shall be directed forthwith to take the person accused and bring him before the said court or justices, or before some other court or magistrate of the county, to be dealt with according to law . . . .
In all likelihood, this statute was derived from the statutes of New York of 1828. The statute was first enacted when the common law permitted a magistrate to issue a warrant on a complaint upon mere suspicion. This statute protected the citizen from arrest and imprisonment on frivolous and groundless suspicion. The thrust of the opinion was that the magistrate enjoyed the authority to subpoena and examine witnesses, and this statutory power was created for the protection of the individual.
The extent of the judge's authority in conducting a John Doe proceeding has been discussed on numerous occasions since 1889. In State ex rel. Kowaleski v. District Court, 254 Wis. 363,36 N.W.2d 419 (1949), a writ of prohibition was sought to prohibit a *Page 219 
trial judge from conducting a separate but concurrent John Doe proceeding investigating crimes other than those charged against Kowaleski in a case pending before that same judge. In discussing the judge's power vis-a-vis the individual's rights, the court quoted from Long and concluded the judge's actions in the John Doe proceeding did not "make any final disposition or determination which in any way will create an extreme emergency or exigency affecting the liberty or the constitutional rights of the plaintiff, Kowaleski." Kowaleski, 254 Wis. at 369. Kowaleski, it was held, was still protected by his statutory right to a preliminary hearing with its attendant benefits. The court did, however, state that the scope of the John Doe proceeding was limited by the allegations of the John Doe complaint. This case, as well as State ex rel. Niedziejko v. Coffey, 22 Wis.2d 392,126 N.W.2d 96, 127 N.W.2d 14 (1964), reaffirms that the acts of the judge in conducting the John Doe are judicial or quasi-judicial in nature and subject to a writ of prohibition. The writ of prohibition is exercised with caution, and as long as the judge does not abuse his discretion, it will not lie. It is presumed that the judge has not, and will not, abuse his discretion in the proper conduct of the proceeding.
The powers of the circuit judge conducting a John Doe proceeding are not unlimited. A circuit judge or other magistrate conducting a John Doe proceeding does not have the power to compel self-incriminating testimony and thereby grant immunity.State ex rel. Jackson v. Coffey, 18 Wis.2d 529, 118 N.W.2d 939
(1963). Since a John Doe proceeding is conducted by a judge rather than "the court," there is no authority to grant immunity and compel testimony. Such action must be done by the court, on the record, rather than by the John Doe judge and must be done upon the motion of the district attorney. State ex rel.Newspapers, Inc. v. Circuit Court, 65 Wis.2d 66, 221 N.W.2d 894
(1974); Ryan v. State, 79 Wis.2d 83, 255 N.W.2d 910 (1977). Jackson also underscores the judge's right to examine witnesses albeit within the confines of the John Doe complaint. There are other limitations on the authority of the John Doe judge. Since it is not a felony criminal proceeding, the John Doe judge may not issue a material witness warrant pursuant to section 969.01
(3). State v. Brady, 118 Wis.2d 154, 345 N.W.2d 533 (Ct.App. 1984). It is also recognized that the secrecy provisions of a John Doe proceeding are equally binding on the judge as on all parties. United States v. Crumble, 331 F.2d 228 (7th Cir. 1964). *Page 220 
The John Doe judge's duty to enforce the secrecy provisions is subject to his or her discretion, and it is a valid exercise of that discretion to permit or deny the request of the attorney for the state for the presence and assistance of another public official with law enforcement responsibilities. Unless the judge is persuaded that the officer will make a material contribution to the investigation, his or her presence should ordinarily not be allowed.
Our Supreme Court has summarized the authority and overall obligation of the John Doe judge as follows:
 [F]inal responsibility for the proper conduct of such proceedings rests with the presiding judge, whose obligation it is to ensure that the considerable powers at his or her disposal are at all times exercised with due regard for the rights of the witnesses, the public, and those whose activities may be subject to investigation.
State v. O'Connor, 77 Wis.2d 261, 284, 252 N.W.2d 671 (1977).
The most comprehensive discussion of a judge's duty and authority in conducting a John Doe as well as discussing the constitutional question of separation of powers may be found inState v. Washington, 83 Wis.2d 808, 266 N.W.2d 597 (1978). Washington claimed that section 968.26 violates the constitutional doctrine of separation of powers by vesting the investigatory power of the executive branch on a member of the judicial branch. Washington asserted that the John Doe judge merged into the executive and became both judge and prosecutor. The court rejected Washington's characterization of the judge as the chief investigator or as an adjunct of the prosecutor. Rather, the court stated:
 We do not view the judge as orchestrating the investigation. The John Doe judge is a judicial officer who serves an essentially judicial function. The judge considers the testimony presented. It is the responsibility of the John Doe judge to utilize his or he training in constitutional and criminal law and in courtroom procedure in determining the need to subpoena witnesses requested by the district attorney, in presiding at the examination of witnesses, and in determining probable cause. It is the judge's responsibility to ensure procedural fairness.
Washington, 83 Wis.2d at 823 (footnote omitted). By way of further defining the limits of the judge's authority, the court stated that it is not required that an attorney representing the state's *Page 221 
interests in a criminal prosecution be involved both in initiating and conducting the proceedings since section 968.26
does not require the participation of the district attorney. However, Washington should not be read as an endorsement of judicial orchestration of the John Doe proceeding since a prosecutor did conduct that particular proceeding.
The judge conducting a John Doe proceeding is expected to ensure that the proceeding be conducted in an orderly and expeditious manner which does not impair his or her ability to make an independent determination of probable cause. Thus, the central theme that evolves from the case law is that the judge may exercise discretion and, as long as he or she does not abuse that discretion, the judge is granted great latitude.
With respect to the question of separation of powers, the supreme court clearly finds no problems to exist in either the statutory scheme or the procedural application of the John Doe hearing.
 Viewing the role of the John Doe judge as we do, we do not believe that the John Doe statute should fall on the ground that it vests nonjudicial powers in the judiciary. Although the doctrine of separation of powers is a fundamental principle, it is neither possible nor practicable to categorize all governmental action as exclusively legislative, executive or judicial. The doctrine of separation of powers must be viewed as a general principle to be applied to maintain the balance between the three branches of government, to preserve their respective independence and integrity, and to prevent concentration of unchecked power in the hands of any one branch
 The contemporaneous and practical interpretation of the state constitution supports the conclusion that a John Doe proceeding does not contravene the constitution's mandate of separation of powers. State ex rel. Owen v. Donald, 160 Wis. 21, 111-112, 151 N.W. 331 (1915). As noted previously, John Doe proceedings in this state date back to at least 1889, forty-one years after the adoption of the Wisconsin Constitution. The John Doe is an institution which has been sanctioned by long usage and general recognition.
Washington, 83 Wis.2d at 825-27 (footnotes omitted). Thus, the court expressly stated that the John Doe judge is not a part of the prosecution team and the court was unwilling to hold that section *Page 222 968.26 violates the constitution. Rather than find constitutional infirmity, the court relied instead on its belief that witnesses and those accused are protected by appellate court review.
The statute in question does not impinge upon the prosecutor's discretionary role as does section 968.02 (3), the statute under consideration in Unnamed Petitioners v. Connors, 136 Wis.2d 118, ___ N.W.2d ___, (1987). The court in Connors specifically recognizes that the district attorney, as an officer of the executive branch, has the power to make the initial determination of whether or not to charge a criminal offense. While the district attorney must believe that the criminal complaint establishes probable cause to charge the defendant, section968.26 does nothing more than recognize that it is ultimately the court that must rule upon the existence of that probable cause.
Traditionally, judges have recognized the importance of a prosecutor actually conducting the John Doe proceeding and it has never been suggested that the judge would participate in preparing, drafting or filing a criminal complaint. The importance of the prosecutor's presence and contribution was recognized in State ex rel. Kurkierewicz v. Cannon,42 Wis.2d 368, 166 N.W.2d 255 (1969). This participation by the prosecutor also distinguishes the John Doe proceeding from a section 968.02
(3) proceeding.
The statute struck down in Connors was significantly different from section 968.26 in that it allowed the judge to "permit the filing of a complaint." It authorized the judge to make a charging decision ab initio when no prosecutor had acted. Section968.26 does no such thing and is not in conflict with section968.02 (1): The statute overturned in Connors thus actually conferred executive power on the judiciary; section 968.26 has never been construed to make such a grant of authority.
In summary, the authority of the John Doe judge is not without limitation; however, the discretion of the judge is vast and, unless abused, will likely be upheld. There may be some blurring of the distinction between executive and judicial functioning in section 968.26; yet the Wisconsin Supreme Court in Washington
specifically refused to find any constitutional infirmity.
Finally, I would comment that judicial functions are generally inconsistent with essentially investigatory and prosecutorial functions. Whenever possible, a John Doe proceeding should be conducted *Page 223 
with the participation of the district attorney or someone lawfully standing in his stead.
DJH:SDE *Page 224